IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN BUNTING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PERRY PHELPS, Warden, and )<br>and JOSEPH R. BIDEN, III, )<br>Attorney General of the State )<br>of Delaware, )<br>)<br>Respondents. ) | Civil Action No. 08-839-SLR |

Shawn Bunting. Pro se petitioner.

Loren C. Meyers, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

December 2, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Shawn Bunting's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2004, petitioner was indicted on charges of possession with intent to deliver marijuana, use of a vehicle for keeping controlled substances, use of a dwelling for keeping controlled substances, possession of cocaine, possession of drug paraphernalia, and driving with a suspended license. In February 2005, a Superior Court jury acquitted petitioner of the cocaine possession charge, but convicted him on the other charges. The Delaware Superior Court sentenced petitioner as an habitual offender on the marijuana possession conviction to a mandatory term of life imprisonment. As for the other convictions, the Superior Court sentenced petitioner to a total of seven and one-half years imprisonment, suspended after thirty days imprisonment, for eighteen months of probation. The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *Bunting v. State*, 907 A.2d 145 (Table), 2006 WL 2587074 (Del. Sept. 7, 2006).

In October 2007, petitioner filed in the Delaware Superior Court a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). On January 31, 2008, the Delaware Superior Court denied two of the claims in the Rule 61 motion as time-barred, but granted petitioner leave to amend the motion

with respect to his ineffective assistance of counsel claims. Petitioner appealed the denial of his two Rule 61 motions to the Delaware Supreme Court. While this appeal was pending, petitioner filed in the Superior Court an amended Rule 61 motion asserting nine ineffective assistance of counsel claims. (D.I. 15) The Superior Court denied petitioner's amended claims of ineffective assistance on April 28, 2008. *State v. Bunting*, 2008 WL 1891708 (Del. Super. Ct. Apr. 28, 2008). Petitioner did not appeal that decision. Rather, in papers dated June 9, 2008, petitioner again appealed the Superior Court's January 2008 denial of two of his Rule 61 claims. (D.I. 15) The State filed a motion to dismiss the appeal as interlocutory. *Id.* The Delaware Supreme Court dismissed the appeal as interlocutory on July 23, 2008, noting that petitioner never responded to the State's motion to dismiss. *Bunting v. State*, 2008 WL 2816949 (Del. July 23, 2008)

Petitioner's pending § 2254 application, dated November 3, 2008, asserts the following four claims: (1) the habitual offender statute, 11 Del. C. § 4214(b), is facially unconstitutional because the statute creates a conclusive presumption of incorrigibility for sentencing purposes; (2) at sentencing, petitioner was precluded from offering evidence in mitigation of his prior convictions; (3) there was insufficient evidence to convict petitioner; and (4) defense counsel provided ineffective assistance on direct appeal. The State filed an answer, asserting that the application should be denied as time-barred and, alternatively, as procedurally barred. (D.I. 13)

## III. ONE YEAR STATUTE OF LIMITATIONS[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated November 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon

---

[1]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

4

expiration of the ninety-day time period allowed for seeking certiorari review in the United States Supreme Court. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on September 7, 2006, and he did not seek certiorari review. Therefore, petitioner's conviction became final on December 6, 2006. Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by December 6, 2007. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until November 3, 2008,[2] eleven months after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The court will discuss each doctrine in turn.

### A. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts November 3, 2008 as the date of filing because that is the date on petitioner's application.

before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed a Rule 61 motion on October 18, 2007, asserting three claims: (1) the habitual offender statute, 11 Del. C. § 4214(b), denied petitioner due process of law; (2) petitioner was deprived of his procedural and substantive due process rights when he was unable to offer evidence in mitigation of his prior convictions; and (3) defense counsel provided ineffective assistance. The Superior Court denied the first two claims as time-barred on January 31, 2008 after determining that the exception to the one-year limitations period under Rule 61(i)(5) was inapplicable, but granted petitioner permission to amend the motion as to his ineffective assistance of counsel claims. Petitioner appealed the Superior Court's January 2008 decision, but the Delaware Supreme Court dismissed the appeal as interlocutory. *Bunting v. State*, 2008 WL 2816949 (Del. July 23, 2008). While the interlocutory appeal was pending, petitioner amended his ineffective assistance of counsel claims. The Superior Court denied the ineffective assistance of counsel claims on April 28, 2008, and petitioner did not appeal that decision. (D.I. 13)

Given this record, the court concludes that the limitations period is tolled from October 18, 2007, the date on which the Rule 61 motion was filed, through May 28, 2008, the date on which the post-conviction appeal period expired with respect to the Superior Court's April 2008 decision. When petitioner filed his Rule 61 motion in October 2007, 305 days of the one-year limitations period had already lapsed. The limitations period started to run again on May 29, 2008, and continued to run for

another sixty days without interruption until it expired on July 28, 2008.[3] Therefore, the statutory tolling triggered by petitioner's Rule 61 motion does not render the application timely filed.[4]

## B. Equitable tolling

The court may also toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

   (1) where the defendant actively misled the plaintiff;
   (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
   (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d

---

[3]The last day of the limitations period fell on Sunday, July 28, 2008. Therefore, the limitations period extended through Monday, July 29, 2008. *See* Fed. R. Civ. P. 6(a)(3).

[4]Petitioner contends that he filed his Rule 61 motion in the Superior Court on September 6, 2007, not on October 18, 2007, and he has provided some records with a seemingly original stamp from the Prothonotary's Office supporting his statement. (D.I. 16) However, it appears that the Rule 61 motion filed on September 6, 2007 was dismissed as non-compliant by Delaware Superior Court on September 18, 2007; the Rule 61 motion sought relief from different convictions and the motion did not contain petitioner's original signature. (D.I. 15, Del. Super. Ct. Dkt., Entry 33, attachment to Motion to Dismiss in *Bunting v. State*, No.117,2008) This non-compliant Rule 61 motion does not trigger statutory tolling because it does not constitute a properly filed state post-conviction motion under § 2244(d)(2). *See Austin v. Carroll*, 224 Fed. Appx. 161 (3d Cir. 2007). Moreover, even if the September 6, 2007 Rule 61 motion could trigger statutory tolling, such tolling would only extend the limitations period through September 8, 2008. Simply stated, petitioner's filing of the instant application on November 3, 2008 would still be untimely.

7

Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling will only be available if petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19; *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

Petitioner attempts to demonstrate that extraordinary circumstances prevented him from filing the instant application in a timely fashion by alleging that he was unable to obtain a copy of his trial transcript when preparing his Rule 61 motion, he is inexperienced in the law, he had limited time in the prison law library, and he timely presented his claims in the wrong forum, namely, the Delaware Superior Court. (D.I. 6, at pp. 30-32) However, none of these factors constitute an extraordinary circumstance for equitable tolling purposes. *See Austin v. Carroll*, 2004 WL 1949542 (D. Del. Aug. 26, 2004)(failure to obtain free trial transcript does not warrant equitable tolling); *Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004)(ignorance of law, limited law access, and mistakenly filed state proceedings in the state courts do not warrant equitable tolling). Moreover, to the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Thus, having determined that equitable tolling is not warranted, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.